# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:02-cr-00190-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| HECTOR RUBEN MCGURK, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before upon Court on Defendant's Pro Se "Motion for Relief from a Final Judgment/Order" (Doc. No. 201).

Defendant's direct appeal of his conviction and sentence is currently pending before the United States Court of Appeals for the Fourth Circuit. Meanwhile, Defendant has filed the instant motion alleging fraud, fraud on the court, misconduct, and misrepresentation by the government during his trial. This motion is most properly construed as a Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255. The Fourth Circuit has stated, in an unpublished opinion, that while a District Court is not without jurisdiction to consider such a petition at this time, "a § 2255 motion is generally not heard where a direct appeal is pending, except in 'exceptional circumstances.'" U.S. v. Williams, Nos. 96-7125, 96-7373, 1997 WL 158112, at *1 (4th Cir. Apr. 4, 1997) (quoting Bowen v. Johnson, 306 U.S. 19, 26-27 (1939)). The court clarified its position in another unpublished opinion, stating that a § 2255 petition is "ripe for disposition" only after a decision is final on direct appeal. Walker v. Connor, No. 02-7459, 2003 WL 21660483, at *1 (4th Cir. July 16, 2003). Defendant has failed to suggest the existence of any exceptional circumstance warranting deviation from this established rule. Defendant may be able to present his claims for fraud, etc., to the Fourth

Circuit during his direct appeal. Until the conclusion of that appeal, Defendant's motion is premature and is therefore DISMISSED without prejudice.

    IT IS SO ORDERED.                    Signed: August 11, 2008

Frank D. Whitney
United States District Judge