UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:02-CR-00190-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| HECTOR RUBEN MCGURK, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account, (Doc. No. 248). Defendant, Hector Ruben McGurk, has not responded to the Government's motion. The Court has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court **GRANTS** the motion.

## BACKGROUND

On April 8, 2005, Defendant was found guilty of Counts 1 and 3 as set forth in the Third Superseding Indictment for drug-trafficking conspiracy involving at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Doc. Nos. 38, 133).

On March 5, 2007, the Court sentenced Defendant to life in prison. (Doc. No. 187). He was ordered to pay a $200.00 special assessment and a fine of $5,000.00. Id. The judgment directs payments "to begin immediately." Id. According to the United States Attorney's Office, Defendant has paid $4,621.20 toward the criminal monetary penalties, and the current balance of Defendant's debt is $578.80.

Defendant is currently assigned to the Federal Correctional Institution in Adelanto,

1

California, where he is serving his sentence. Defendant has approximately $3,485.37 in his inmate trust account maintained by the Bureau of Prisons ("BOP"). The United States moves for entry of an order authorizing the BOP to turn over $578.80 of the funds held in Defendant's inmate trust account to the Clerk of Court as payment in full of the remaining fine.

## DISCUSSION

Title 18, United States Code, section 3613 sets out procedures for the United States to enforce criminal monetary penalties, including restitution, assessments, and fines. See 18 U.S.C. §§ 3013(b) and 3613(a), (f). Pursuant to Section 3613(c), upon entry of judgment, a lien arises against all of the defendant's property and rights to property, including the defendant's interest in funds held by the BOP in his inmate trust account. 18 U.S.C. § 3613(c); see also 18 U.S.C. § 3613(a) (United States may enforce criminal monetary penalties against all property and rights to property of the defendant).

As relevant here, the Mandatory Victims Restitution Act requires that a defendant's substantial resources received from any source during a term of incarceration be applied to an outstanding fine. 18 U.S.C. § 3664(n). Section 3664(n) provides that "[i]f a person obligated to . . . pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any . . . fine still owed." Id.

The funds at issue currently are in the Government's possession, and the Government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. See 18 U.S.C. § 3613(a)(1) (setting forth the applicable Internal Revenue Code property exemptions for criminal cases). Thus, the Court concludes that an order authorizing the turnover of the Defendant's property is appropriate here.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account (Doc. No. 248) is **GRANTED**, and the BOP is hereby authorized to turn over to the Clerk of Court funds in the amount of $578.80 held in Defendant's inmate trust account as payment toward the fine imposed in this case.

**SO ORDERED**.

Signed: October 30, 2024

Frank D. Whitney
United States District Judge